UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH J. DURAN, and
PAULA C. DURAN,                           CASE NO. 16-12700

    *Plaintiffs*,                    DISTRICT JUDGE THOMAS L. LUDINGTON
                                           MAGISTRATE JUDGE PATRICIA T. MORRIS
*v*.

DESTRY PAYNE,
GARY PAYNE, and
DAN PAYNE,

    *Defendants*.
_____/

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I. Recommendation**

Finding no basis for federal jurisdiction, I recommend that this complaint be **DISMISSED** and remanded to state court. In the alternate, I recommend that Defendants' motion for stay **(Doc. 5)** be **DENIED**.

**II. Report**

On July 11, 2016, Plaintiffs Joseph Duran and Paula Duran filed a complaint in the 87th Crawford County Circuit Court, located in Grayling, Michigan to recover possession of property located at 876 Payne Road, Grayling, Michigan ("Property"). (Doc. 1 at 6). Plaintiffs alleged that Destry Payne and all other occupants of the Property are trespassers, and thus sought to evict them from the Property. (*Id*.).

On July 21, 2016 Defendants Destry Payne, Gary Payne, and Dan Payne removed this action to federal court. (Doc. 1). Defendants' notice of removal is scattered with language which appears to grow out of the "sovereign citizen" movement, which courts around the nation have repeatedly and completely rejected. *See Payne v. Klida*, No. 15-CV-14127, 2016 WL 491847, at *3 (E.D. Mich. Jan. 6, 2016) (recommending dismissal of a prior action filed by Destry Payne, and discussing sovereign citizen suits generally), report and recommendation adopted, No. 15-CV-14127, 2016 WL 465486 (E.D. Mich. Feb. 8, 2016). For example, Defendants reference the use of an "Apostile Number" and a "patent protected" right to the control publication of Defendants' names. (Doc. 1 at 2). Defendants also include records from the Register of Deeds in an Arizona state court which purport to show a transfer of property within the Payne family (*id*. at 9), and Montana court records of child support obligations imposed on James Payne in favor of Janis Payne (*id*. at 10-13, 17-35), presumably the father and mother of the Payne family. Defendants also include in their notice of removal a news article relating to mortgage fraud.

In their civil cover sheet, Defendants indicate that this matter is properly before this federal court due to federal question jurisdiction, in particular via the False Claims Act, along with a variety of federal criminal statutes, including 18 U.S.C. §§ 231 and 232, in addition to diversity jurisdiction. (Doc. 1 at 38). Defendants further indicate that they suffered "violation of several constitutional and civil rights resulting in damage to defendants' interests in the land and property." (*Id*.).

Federal courts are under an independent obligation to examine their own jurisdiction. *U.S. v. Hays,* 515 U.S. 737, 742 (1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Dismissal for lack of subject matter jurisdiction occurs pursuant to Rule 12(b)(1).

There are two ways this Court can obtain subject matter jurisdiction: first, the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statute confers on the federal district courts what is known as "federal question jurisdiction." Second, pursuant to 28 U.S.C. § 1332, diversity jurisdiction arises when the matter is between citizens of different states and the amount in controversy exceeds $75,000. Dismissal *sua sponte* for lack of subject matter jurisdiction is appropriate where a complaint's allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Hagans v. Lavine,* 415 U.S. 528, 536–37 (1974); *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999) (same).

"A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements" by a preponderance of the evidence . . . ." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006) (quotation omitted). Removal based on a "federal question" jurisdiction requires that the cause of action "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A cause of action

3

"arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Attached to Defendants' notice of removal is Plaintiffs' complaint to recover possession of property, which merely states that Plaintiffs are entitled to possession of the Property by virtue of a deed, that Defendants are trespassers, and that Defendants were to surrender the Property by July 11, 2016. (Doc. 1 at 6-7). This complaint implicates no rights under the laws or Constitution of the United States, and thus provides no basis for federal jurisdiction.

In their notice of removal, Defendants characterize this action as one involving questions of federal substantive law, including claims arising under the False Claim Act, several criminal statutes, and other violations of Constitutional and civil rights. (Doc. 1 at 34). However, as stated above, the Complaint alleges only trespass, recovery of possession and eviction. Thus, the Complaint's allegations do not state any federal question.

Even if Defendants' remarks are liberally construed as counterclaims, they provide no basis for federal jurisdiction. "[I]t is well settled that federal counterclaims and defenses are inadequate to confer federal jurisdiction." *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 914–15 (6th Cir. 2007) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). This is because "[f]ederal question jurisdiction under 28 U.S.C. § 1331 is proper 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Chase*, 507 F.3d at 914 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Even if the False Claims Act was alleged by Plaintiffs in their complaint or be Defendants as counterclaims, there would be no basis for federal jurisdiction. The False Claims Act imposes criminal liability on persons who defraud the government, and consequently has no relation to this action. *See* 31 U.S.C. §§3729-3733. Defendants also cite criminal statutes 18 U.S.C. §§ 231, 232. There is no private right of action to enforce criminal statutes, *Am. Post. Wkrs. U., Detroit v. Indep. Post. Sys.*, 481 F.2d 90, 93 (6th Cir.1973), thus these statutes cannot provide jurisdiction to hear Defendants' claims.

Insofar as Defendants may be understood to argue that Plaintiffs violated their "patent protected rights" to control the use of their names, that argument is nonsense growing out of the Sovereign Citizen movement, and can provide no basis for federal jurisdiction. *See Turner v. Peterson*, No. C 12-0887 JSW PR, 2012 WL 2792416, at *1 (N.D. Cal. July 9, 2012) (holding that a person "cannot trademark or obtain copyright protection for his own name"); *see also United States v. McQuarters*, No. 11–MC–51386, 2013 WL 6095514, at *2 (E.D. Mich. Nov. 20, 2013) (holding that a sovereign citizen arguments are "frivolous, implausible, attenuated, unsubstantial" and "bizarre, conspiracy-oriented theories that . . . do[ ] not merit extensive discussion.").

Likewise, while Defendants allege that this matter is properly before the Court on the basis of diversity jurisdiction, they make no effort to establish diversity of the parties. The statute controlling diversity jurisdiction, 28 U.S.C. § 1332 provides that district courts have jurisdiction over actions where the sum in controversy exceeds $75,000, and the action is between citizens of different states or a foreign state. "[D]iversity of citizenship requires complete diversity between all plaintiffs on one side and all

defendants on the other side." *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 664 (6th Cir. 2004). For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *See Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994). "To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). What information can be gleaned from Defendants' notice of removal, and in particular the attached civil cover sheet and complaint to recover possession of property, suggests that Plaintiffs and some of the Defendants are domiciled in Michigan, and indeed are located in Grayling, Michigan. (Doc. 1 at 6, 38). Lacking complete diversity between the domicile of all Defendants and all Plaintiffs, Defendants' claim to diversity jurisdiction fails.

Lacking any basis for federal jurisdiction, the Court recommends that this matter be dismissed. *See Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012) ("[A] federal court must dismiss any claim for which it lacks jurisdiction without addressing the merits.").

In the alternate, if the recommendation to dismiss this matter for lack of jurisdiction is not adopted, the Court recommends that Defendants' motion for stay (Doc. 5) be denied. On July 22, 2016, Defendants filed a document which largely duplicates the first few pages of their notice of removal. (Doc. 5). Attached to the back of that document is a page which bears the words

> The alleged Defendant(s) motion for a stay pending the determinations of this honorable federal court at Bay City Michigan per rule 28 U.S. Code rule 62 a or any other automatic stay of execution pending review of this case before this honorable federal district court.

(*Id.* at 3) (all caps omitted). It is unclear precisely what relief Defendants seek via this paragraph. First, the statute referenced in that paragraph, 28 U.S.C. § 62 defines adjusted gross income for the purpose of tax law, and has no relevance to this action or to any motion for a stay. Insofar as Defendants seek a stay of state court proceedings which might result in their eviction from the Property, this Court has no authority to grant such relief. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."); *Cragin v. Comerica Mortgage Co.*, 69 F.3d 537 (6th Cir. 1995) ("Moreover, 28 U.S.C. § 2283 generally precludes federal injunctions that would stay pending foreclosure proceedings in the state courts."); *Richardson v. Wells Fargo Bank*, NA, No. 13-CV-10234, 2013 WL 3367434, at *3 (E.D. Mich. July 5, 2013) ("[T]his Court lacks authority to interfere with state court proceedings pursuant to 28 U.S.C. § 2283 . . . .").

For the reasons set forth above, the Court RECOMMENDS that this matter be **DISMISSED** for lack of jurisdiction. In the alternate, it is recommended that Defendants' motion for stay **(Doc. 5)** be **DENIED**.

Date:  August 1, 2016                S/ PATRICIA T. MORRIS
                                     Patricia T. Morris
                                     United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent to Destry Payne, Gary Payne, and Dan Payne at 876 Payne Road, Grayling, MI 49738.

Date: August 1, 2016                            By s/Kristen Krawczyk
                                                Case Manager